UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. H-13- |
| § | **Sealed** |
| ███████(1), (all cts.) § | |
| ERIC COLINE (2), (cts. 1, 2, and 4) § | |
| ███████(3), (cts. 1, 2and 4) § | |
| ███████(4), (cts. 1 and 3) § | 13CR 0406 |
| HIDALGO CASTILLO (5), (cts. 1 and 3) and § | UNSEALED |
| ███████(6),(cts. 1 and 3) § | PER ARREST |
| Defendants. § | 7/17/13 |

INDICTMENT

THE GRAND JURY CHARGES THAT:

COUNT ONE
(Conspiracy to Possess with Intent to Distribute)

From on or about July 24, 2012, up to the date of the indictment, in the Houston Division of the Southern District of Texas, and elsewhere,

███████,

ERIC COLINE,

███████,

███████,

HIDALGO CASTILLO,

and

███████

defendants herein, did knowingly, unlawfully and intentionally combine, conspire, confederate and agree with each other and others, known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance. This violation involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(A)(i) and 846.

## COUNT TWO
**(Aiding and Abetting Possession with Intent to Distribute)**

On or about August 22, 2012, in the Houston Division of the Southern District of Texas and elsewhere,



**ERIC COLINE,**
**and**

defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(A)(i) and Title 18, United States Code, Section 2.

## COUNT THREE
**(Aiding and Abetting Possession with Intent to Distribute)**

On or about November 8, 2012, in the Houston Division of the Southern District of Texas and elsewhere,



**HIDALGO CASTILLO,**
**and**

defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(A)(i) and Title 18, United States Code, Section 2.

## COUNT FOUR
### (Aiding and Abetting Attempted International Money Laundering)

On or about August 22, 2012, in the Houston Division of the Southern District of Texas and elsewhere,

**ERIC COLINE,**
**and**

defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States, to wit: Chicago, Illinois, to and through a place outside the United States, to wit: Mexico, knowing that the monetary instrument and funds involved in the attempted transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, to wit: a drug trafficking crime, that is, a violation of Title 21 United States Code, Section 841(a)(1), as set forth in Counts One, Two and Tree of this Indictment, which are felonies prosecutable in a court of the United States, and knowing that such transportation, transmission and transfer was designed, in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(2) and 2.

## NOTICE OF CRIMINAL FORFEITURE
## (21 U.S.C. § 853)

Pursuant to Title 21, United States Code, Section 853, as a result of the commission of a violation of Title 21, United States Code, Section 846 or 841, notice is given to defendants,



**ERIC COLINE,**

**HIDALGO CASTILLO,**
and

that in the event of conviction, the following property, whether real or personal, is subject to forfeiture to the United States:

1. all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and

2. all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

### Property Subject to Forfeiture

The property subject to forfeiture includes, but is not limited to, the following property:

1. All property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of an offense charged in the Indictment.

2. Approximately $415,000 in United States currency.

3. Two tracts of land located at the end of County Road 1301 and a private road in Jackson County, Texas, and legally described as:

> Tract One:
> BEING 65.00 acres of land situated in the Francis G. Keller League, Jackson County, Texas, same being a portion of that certain 258.53 acre tract of land conveyed to Six Flags Development Corporation by Donald Schoenfield, et ux by Deed dated October 7, 1982, and in recorded in Volume 622, Page 212 of the Deed Records of Jackson County, Texas, said 65.00 acres of land being more fully described by metes and bounds.

Tract Two:
BEING a 60.00-foot wide easement out of the Francis G. Keller League, Abstract 36, Jackson County, Texas, and being a 60.00-foot, strip of land out of that 338.326-acre tract that was conveyed to Donald Schoenfield from Albert Walter Earl Dutcher, III, et ux by Deed dated June 7, 1982, and recorded In Volume 617, Page 410 of the Deed Records of Jackson County, Texas, said 60.00-foot wide easement is also mentioned in the conveyance titled Donald Schoenfield, Individually and *as* Agent and Attorney In Fact of wife, Gloria Ann Schoenfield, to Six Flags Development Corporation dated October 7, 1982, and recorded In Volume 622, Page 212 of the Deed Records of Jackson County, Texas. The center line of this 60.00-foot wide strip of land is more particularly described by metes and bounds.

4. All property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of an offense charged in the Indictment.

## Money Judgment

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, for which the defendants may be jointly and severally liable.

## Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of a defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

Original Signature on File

FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By:

RICHARD J. MAGNESS
Assistant United States Attorney